THE PEOPLE OF THE STATE OF NEW YORK, RESPOND-
ENT, *v.* WILLIAM McCARTHY, APPELLANT.

*Manslaughter in the second degree — Penal Code, sec. 193 — when an officer who shoots and kills an innocent person who runs away from the officer, in the night time, and does not stop when called upon to do so, is guilty of that offense — the difficulty of defining with absolute precision, when a public officer is justified in resorting to a deadly weapon even when in the discharge of his duty, considered by the court.*

APPEAL from a judgment of the Court of Sessions of Albany county, convicting the defendant of the crime of manslaughter in the second degree.

The indictment charged manslaughter in the first degree, with a count for the second degree, and of the latter defendant was found guilty. The prisoner was a member of the West Troy police force, and had been for about nine months. At about a quarter after twelve o'clock, one night in September, 1887, while patroling his beat dressed in citizen's dress, he fired twice at Richard T. Doring, one ball taking effect and passing completely through his body and causing injuries which resulted in death within thirty-six hours. The deceased, who was twenty-four years of age, was a young man of excellent reputation, and was at the time of the shooting returning home from the neighboring city of Troy, where he had been to see a fellow clerk who was ill, and when stricken down was but a few feet from the entrance to his parent's house. The defendant admitted the killing, but sought to justify it as an official act necessarily performed.

The court at General Term said: "At the time of the shooting the defendant was in citizen's dress, showing no insignia of office

and possessing no powers authorizing an arrest. There was no evidence that the deceased had been guilty of any offense. On the contrary his good character was expressly admitted by the defendant upon the trial. He was returning by a public street to his home, after a proper absence, and was shot within a few rods of his residence. The only circumstance in the conduct of the deceased relied upon to justify the act of the defendant was that when pursued by the defendant, he ran toward his home. The defendant was a stranger and exhibited nothing to indicate that he was an officer. It is true that he states that he hallooed to Doring to stop and that he was an officer, but there is no evidence to the effect that Doring heard him before the firing, and it appears that both were running at the time. In answer to this inquiry by the court, 'when you hallooed to him the third time to stop, how soon after did you fire?' The prisoner answered, 'just as quick as I could get the revolver out of my pocket.' . While the conduct of a public officer when in the honest and faithful discharge of a duty should be favorably considered by the court and jury, such favorable construction should not be carried so far as to justify an act of unnecessary and inexcusable rashness by which the life of an unoffending citizen has been sacrificed. The necessity should be extreme indeed, to justify an officer in resorting to so dangerous an expedient as that of discharging a pistol at or in the direction of a person who is unknown to the officer and at the time is offering no resistance, and is not discovered in the commission of any crime, or known to have perpetrated any offense whatever. The mere fact that a person is seen to run upon the public street in the night time, especially when pursued by a stranger, certainly furnishes no justification to an officer to shoot at him, even though burglaries have been recently committed in the neighborhood, and the officer was searching for the offenders. After according to the prisoner every reasonable intendment which the facts disclosed will justify, we are not able to conclude that the jury were not fully justified in rendering the verdict which they did.  *  *  *

"A careful consideration of this case has led us to the conclusion that no error has been committed prejudicial to the prisoner, or which calls for a reversal of the conviction. It would be difficult, if not absolutely impossible, to define with precision under

what circumstances a public officer would be justified in resorting to a deadly weapon, even when in the discharge of his duty.

" Every case must of necessity be determined in the light of its surroundings. Prudence and a proper estimate of human life, should deter an officer from a hasty and inconsiderate resort to such an extreme measure, so likely to be attended with serious consequences. There should exist a pressing necessity arising under such circumstances as clearly indicate that a resort to such a hazardous expedient is not only necessary, but, at least, apparently unavoidable. The officer must not consider himself the sole judge of such necessity ; while, it is true, he is called upon to decide and act in the first instance, yet he should remember that his conduct is subject to review by the court and jury, which is necessary for the protection of the citizen. The faithful officer when acting with reasonable prudence and discretion, may encounter an enemy, when to protect himself from bodily harm or to preserve the peace, he may find it necessary to use a deadly weapon, and in such a case the officer need apprehend no injustice at the hands of court or jury. That a person is discovered to be running upon a public street in the night time, does not furnish such evidence that he has been guilty of committing crime, as will justify an officer to fire at him even though such person should fail to obey the command of the officer to stop. The person thus challenged by the officer may be deaf, or so far absorbed by an emergency which requires haste, as not to hear or understand the command of the officer. As has before been stated, the prisoner was in citizen's dress and exhibited nothing to show that he was an officer.

" The conviction should be affirmed. "

*D. Cady Herrick*, for the appellant.

*Andrew Hamilton*, for the respondent.

Opinion by INGALLS, J. ; LEARNED, P. J., concurred.

Judgment and conviction affirmed.